Filed 9/24/15  In re M.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE M.A., a Person Coming Under the Juvenile Court Law. | H042001 (Santa Clara County Super. Ct. No. JV40863) |
| THE PEOPLE, Plaintiff and Respondent, v. M.A., Defendant and Appellant. | |

## I.  INTRODUCTION

The minor, M.A., appeals from the February 11, 2015 dispositional order that followed the minor's admission that he committed vehicle theft (Veh. Code, § 10851, subd. (a)).  The juvenile court declared the minor a ward of the court and ordered him to serve 30 days on the Electronic Monitoring Program (EMP).  The court also ordered that the minor be returned to the custody of his parents on probation, which included supervision by the probation officer and several gang-related probation conditions.

On appeal, the minor's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified the minor of his right to submit written argument on his own behalf within

30 days. The 30-day period has elapsed and we have received no response from the minor. Pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide a brief description of the facts and the procedural history of the case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Welfare and Institutions Code Section 602 Petitions*

On September 10, 2014, a Welfare and Institutions Code section 602, subdivision (a) petition (Petition A) was filed alleging that the 14-year-old minor, M.A., had committed felony vehicle theft (Veh. Code, § 10851, subd. (a).)

According to the probation officer's report, during the evening of August 15, 2014, a police officer observed a black Acura Integra make an extremely wide u-turn. After confirming that the Acura was stolen, the officer conducted a high risk vehicle stop. The driver of the stolen Acura was M.A., who had two female passengers. The Acura's owner came to the scene and confirmed that neither M.A. nor his passengers had permission to drive the car.

On September 9, 2014, the day before Petition A was filed on September 10, 2014, M.A. was placed in the Pre-Court Community Release Program because he had attempted to steal his father's car and had absconded from parental supervision for two days.

On October 21, 2014, a Welfare and Institutions Code section 602, subdivision (a) petition (Petition B) was filed alleging that 14-year-old minor, M.A., had committed the felony offense of making criminal threats (Pen. Code, § 422). According to the probation officer's report, on September 11, 2014, M.A. made "terrorist threats" to harm another high school student, including threatening to "jump" and "check" the victim. M.A. made further threats on Facebook and told the victim's girlfriend that M.A. "represented 'ESSJ'

and his family was the 'real OG's of Palmas,' " which the probation officer stated referred to a Norteño street gang, El Hoyo Palmas.

M.A. was arrested on October 21, 2014, after the Probation Department became aware that he had been issued a felony citation for making criminal threats (Pen. Code, § 422). After being detained in juvenile hall for 14 days, M.A. was released on EMP. M.A. accumulated 40 hours of unauthorized leave from December 20, 2014 to December 30, 2014 while he was on EMP. He was subsequently arrested and detained for EMP failure.

During the jurisdictional hearing held on December 16, 2014, M.A. admitted committing the vehicle theft alleged in Petition A and the juvenile court dismissed Petition B without prejudice. The juvenile court found that M.A. was not a suitable candidate for deferred entry of judgment and set a dispositional hearing. On January 4, 2015, the juvenile court released M.A. to his father on EMP and ordered M.A. to attend school.

The dispositional hearing originally set for January 21, 2015, was continued to February 11, 2015, for a contested dispositional hearing after M.A.'s attorney objected to the probation officer's recommendations that M.A. be supervised in the probation department's Gang Unit and that several gang-related probation conditions be imposed.

The evidence at the contested dispositional hearing held on February 11, 2015, included the testimony of M.A.'s assigned probation officer, Zachary Holcomb. Holcomb testified that he had recommended the imposition of gang-related probation conditions because M.A. admitted during an interview with Holcomb that he associates with Norteño gang members aged 13 to 15 years old who call themselves "K.O. Block." Additionally, M.A. told juvenile hall staff that his older brother "claims E.H.P. or El Hoyo Palmas;" M.A. had been seen wearing red at school on multiple occasions; M.A.'s Facebook profile "glorifies guns, money and a gang lifestyle;" and photos obtained from M.A.'s Facebook page showed a level of gang involvement, including M.A. wearing red.

3

At the conclusion of the contested dispositional hearing, the juvenile court stated that the court was prepared to impose the dispositional order recommended by the probation officer. Among other things, the juvenile court found that M.A. had not been successful on either the community release program or EMP, and that he had "a very high risk of being drawn into the gang lifestyle."

In the dispositional order dated February 11, 2015, the juvenile court ordered that M.A. be declared a ward of the court, serve 30 days on EMP, and be returned to the custody of his parents on probation and under probation supervision. The court also adopted the probation officer's recommendations as modified by the court, including several gang-related probation conditions.

**B.** *Appeal*

On February 13, 2015, the minor filed a notice of appeal from the February 11, 2015 dispositional order. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

### III.  DISPOSITION

The dispositional order of February 11, 2015, is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:


_____
MIHARA, J.



_____
GROVER, J.



*People v. M.A.*
**H042001**